**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 12-10396 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00452-JMS-1 |
| v. | |
| **MIGUEL LEON,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted October 8, 2013
Honolulu, Hawaii

Before:     **KOZINSKI**, Chief Judge, **FISHER** and **WATFORD**, Circuit Judges.

As appellant acknowledged in his briefs, and at oral argument, the

application of the good-faith exception to this case is controlled by United States v.

Pineda-Moreno, 688 F.3d 1087 (9th Cir. 2012), which held that officers who

placed and monitored a GPS device on a suspect's car reasonably relied on then-

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

binding precedent. As a three-judge panel, we are bound by Pineda-Moreno. See generally Miller v. Gammie, 335 F.3d 889 (9th Cir. 2003) (en banc). Thus, although the government conceded below that the placement and use of a GPS device on Leon's vehicle was unconstitutional under United States v. Jones, 132 S. Ct. 945 (2012), the district court did not err in ruling that the fruits of these searches were nevertheless admissible under the good-faith exception to the exclusionary rule. Pineda-Moreno, 688 F.3d at 1090–91.

**AFFIRMED.**